# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 04-0992V
Filed: July 14, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LEIGH EWORONSKY, parent of A.E., a minor, | \* \* \* | |
| Petitioner, | \* | Stipulation; Interim Attorney Fees and Costs |
| v. | \* \* | |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | \* \* \* | |
| Respondent. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DECISION on INTERIM ATTORNEY FEES and COSTS[1]

**Vowell**, Special Master:

    In this case under the National Vaccine Injury Compensation Program [hereinafter "the Program"],[2] petitioner filed a motion for an award of interim attorney fees and costs on June 24, 2014 [the "Application"].  *See Avera v. Sec'y, HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  On July 11, 2011, the parties filed a Stipulation of Fact Concerning Interim Attorneys' Fees and Costs ["Stipulation"], wherein they explain that based on discussion of respondent's objections, petitioner amends her Application to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

1

request an award of $19,029.53.[3]  Respondent does not object to this amount, noting that while she maintains her position that interim attorney fees and costs awards are not permitted in cases like this one, she "elects not to raise her statutory objection at this time in response to this particular request."  Stipulation at n.1.  Respondent cites to two of my prior decisions in noting that I considered and rejected her statutory objection in those cases.  *See Whitener v. Sec'y, HHS*, No. 06-477V, 2011 WL 1467919, at *2-5 (Fed. Cl. Spec. Mstr. Mar. 25, 2011); *Fester v. HHS*, No. 10-243V, 2013 WL 5367670, at *7-8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

I find that petitioner is entitled to an award of interim attorney fees and costs under the facts and circumstances of this case.  A review of the materials offered in support of the application for interim attorney fees and costs indicates that the agreed amount is reasonable.  **Accordingly, I hereby award $150.00 issued in the form of a check payable solely to petitioner, Leigh Eworonsky, and $18,879.53 issued in the form of a check payable jointly to petitioner, Leigh Eworonsky, and petitioner's attorney, Harry G. Potter, III, for interim attorney fees and costs.**

In the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

                                            **s/Denise K. Vowell**
                                            **Denise K. Vowell**
                                            Special Master

---

[3] Petitioner, in lieu of filing a statement comporting with General Order 9, filed petitioner's interim costs totaling $150.00.  Likewise, any costs personally incurred by petitioner can be addressed in a subsequent award of fees and costs. thus I have elected to act on this interim application without that statement.

[4] Entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).